UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY PUCKETT,

        Plaintiff,

                                    CASE NO. 1:07-CV-1274

v.

                                    HON. ROBERT J. JONKER

TROY HUIZING, *et al.*,

        Defendants.

_____/

## <u>ORDER APPROVING REPORT AND RECOMMENDATION</u>

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 81) and Plaintiff Timothy Puckett's Objections to it (docket # 82), and Defendant Troy Huizing's Reponse (docket # 84). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Report and Recommendation recommends that Mr. Huizing's motion for summary judgment (docket # 71) be granted. It concludes that Mr. Puckett failed to establish a disputed issue of material fact regarding whether his injuries were more than merely *de minimus*. It accordingly concludes that Mr. Huizing is entitled to summary judgment on Mr. Puckett's section 1983 claim. Mr. Puckett raises several objections to the Report and Recommendation, none of which undermine it.

Mr. Puckett objects that his medical records demonstrate more than a *de minimus* injury to his hands. The medical records, however, support the Magistrate Judge's conclusion that Mr. Puckett's injuries were not sufficient to survive summary judgment. Although the Eighth Amendment may be violated by something less than a serious injury, it requires something more than a *de minimus* injury. *Jones Bey v. Johnson*, 248 Fed App'x 675, 677 (6th Cir. 2007) (holding that pain and swelling caused to the plaintiff's wrists by the guards pulling his handcuffs and striking his hands on the food slot were insufficient injuries to demonstrate a violation of the Eighth Amendment). The evidence in the record shows that there is no dispute that Mr. Puckett's injuries consisted merely of several scratches, slight bruising, and no swelling. The x-rays showed that his hands were normal, he was able to move them within normal limits, and his injuries were treated with only ice and Tylenol. His injuries therefore were *de minimus* and are insufficient to survive Mr. Huizing's motion for summary judgment. *See id.*; *Corsetti v. Tessmer*, 41 Fed. App'x 753, 756 (6th Cir. 2002) (holding that small bruises and minor cuts were *de minimus* and insufficient to survive summary judgment).

Mr. Puckett also objects that Mr. Huizing is not entitled to qualified immunity. The Report and Recommendation, however, does not conclude that Mr. Huizing is entitled to qualified immunity. Accordingly, this objection is without merit.

**IT THEREFORE IS ORDERED** that the Report and Recommendation of the Magistrate

Judge, filed January 19, 2010, is approved and adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment filed by Mr. Huizing

(docket # 71) is **GRANTED**.


Dated:   March 17, 2010          /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE